**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HAI LONG LI, Individually and on behalf of All Other
Employees Similarly Situated,

Plaintiff,

- against -

PATINA RESTAURANT GROUP, LLC, d/b/a THE SEA
GRILL, RAROC, LLC and DELAWARE NORTH
COMPANIES, INC.

Defendants.

**Case No. 1:17-CV-07058-ER**

<u>**ANSWER**</u>

Defendants Patina Restaurant Group, LLC, RAROC, LLC, and Delaware North

Companies, Incorporated (hereinafter "Defendants"), by and through undersigned counsel,

hereby answer Plaintiff's complaint as follows:

**INTRODUCTION**

<u>**COMPLAINT ¶1:**</u>

This is an action brought by Plaintiff on his own behalf and on behalf of similarly
situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.
("FLSA") the New York Labor Law ("NYLL") arising from Defendants' various willful and
unlawful employment policies, patterns and/or practices.

<u>**ANSWER:**</u>

Defendants admit that Plaintiff purports to bring this action against Defendants alleging

violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") the New York

Labor Law ("NYLL"), but deny any wrongdoing or liability to Plaintiff.  Defendants deny the

remaining allegations in Paragraph 1 of the Complaint.

<u>**COMPLAINT ¶2:**</u>

Upon information and belief, Defendants have willfully and intentionally committed
widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to

pay their employees, including Plaintiff overtime compensation for all hours worked over forty (40) each workweek.

**ANSWER:**

Defendants deny the allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

Upon information and belief, Defendants willfully and intentionally misclassified Plaintiff and all other members of the proposed Classes as salaried, exempt employees, at all times in which they worked as "Sous Chefs". Defendant's improper classification resulted in the failure to properly compensate its Sous Chefs with overtime pay as required under applicable federal law.

**ANSWER:**

Defendants deny the allegations in Paragraph 3 of the Complaint.

**COMPLAINT ¶4:**

Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

**ANSWER:**

Defendants deny the allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

**ANSWER:**

Defendants deny the allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

**COMPLAINT ¶6:**

This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331.

**ANSWER:**

Defendants admit that the Court has subject matter jurisdiction over Plaintiff's claims.,

but deny the remaining allegations in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**ANSWER:**

For purposes of this action, Defendants admit that venue is proper in this District, but

deny the remaining allegations in Paragraph 7 of the Complaint, and specifically deny any

wrongdoing or liability to Plaintiff.

## PLAINTIFF

**COMPLAINT ¶8:**

Plaintiff Hai Long Li ("Li") is a resident of Fort Lee, NJ and was employed by The Patina Restaurant Group, LLC and Raroc, LLC as a sous chef at Defendant's restaurant located at 19 W 49th Street, New York, NY 10020 from April 23, 2003 to present.

**ANSWER:**

Defendants admit that Plaintiff worked as a sous chef at The Sea Grill from April 2003

until on or about September 15, 2017, located at 19 West 49th Street, New York, New York

10020.  Defendants lack knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 8 relating to Plaintiff's current residence, and, therefore, deny such

allegations.  Defendants' deny the remaining allegations in Paragraph 8 of the Complaint.

3

## DEFENDANTS

**COMPLAINT ¶9:**

Defendant Patina Restaurant Group, LLC ("Patina") is a Delaware corporation registered with the New York State Department of State to receive service of process at 111 Eighth Avenue, New York, NY 10011.

**ANSWER:**

Defendants admit the allegations in Paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

Patina owns and/or operates numerous restaurants in New York City including The Sea Grill, a seafood restaurant located at 19 W 49th Street, New York, NY 10020. In addition to The Sea Grill, Patina operates and manage A-list restaurants and nightclubs in New York City such as "The Rink at Rockefeller Center," "Cafe Centro," "Brasserie," "The Beer Bar," and "Stella 34 Trattoria." Patina also owns and operates numerous restaurants in Los Angeles, California, Livingston, New Jersey, Bethesda, Maryland, Walt Disney World, Tokyo, Japan and other locations.

**ANSWER:**

Defendants admit that Defendant Patina Restaurant Group, LLC operates The Sea Grill at

19 West 49th Street, New York, New York, as well as other restaurants.  Defendants deny the

remaining allegations in Paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

At all relevant times, Patina was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff

means by "all relevant times" and "all applicable statutes," and, therefore, deny such allegations.

Defendants admit that Patina Restaurant Group, LLC's annual gross volume business is not less

than $500,000 and deny the remaining allegations in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

Defendant Raroc, LLC is a Delaware limited liability company, which is registered with the New York State Department of State to receive service of process at 111 Eighth Avenue, New York, NY 10011.

**ANSWER:**

Defendants admit the allegations in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Upon information and belief, Raroc, LLC owns and/or operates The Sea Grill, located at 19 W 49th Street, New York, NY 10020.

**ANSWER:**

Defendants deny the allegations in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

At all relevant times, Raroc, LLC was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

**ANSWER:**

Defendants deny the allegations in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

Defendant, Delaware North Companies, Inc* &"DNCI"' is a Delaware corporation registered with the New York State Department of State to receive service of process at 111 Eighth Avenue, New York, NY 10011.

**ANSWER:**

Defendants admit that Delaware North Companies, Incorporated is a Delaware

corporation, and admit the service address.  Defendants deny the remaining allegations in

Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

DNCI is a global leader in hospitality and food service who operates companies in the lodging, sporting, airport, gaming and entertainment industries.

**ANSWER:**

Defendants admit that Defendant Delaware North is a global leader in hospitality

management & food service management.

**COMPLAINT ¶17:**

DNCI's principal executive office is located at 250 Delaware Avenue Buffalo, New York, 14202-2200.

**ANSWER:**

Defendants admit that Delaware North's global headquarters is located at 250 Delaware

Avenue, Buffalo, New York 14202.  Defendants deny the remaining allegations in Paragraph 17

of the Complaint.

**COMPLAINT ¶18:**

Upon information and belief, DNCI owns and/or operates The Sea Grill, located at 19 W 49th Street, New York, NY 10020.

**ANSWER:**

Defendants deny the allegations in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

At all relevant times, DNCI was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff

means by "all relevant times" and "all applicable statutes," and, therefore, deny such allegations.

Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

6

**CORPORATE DEFENDANTS AS SUCCESSOR EMPLOYERS
AND/OR JOINT EMPLOYERS**

**COMPLAINT ¶20:**

Upon information and belief, at all times relevant to this action, Defendants either do or did business as The Sea Grill as joint employers concurrently or as successor employers or both.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff means by "all relevant times" and, therefore, deny such allegations.  Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

In either case, corporate Defendants are jointly and severally liable to minimum wages and overtime compensation owed to Plaintiff and similarly situated employees.

**ANSWER:**

Defendants deny the allegations in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

Upon information and belief, at all times relevant to this action, Defendants do or did business as The Sea Grill, engaged in substantially the same work in substantially the same working conditions under substantially same supervisors.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff means by "all relevant times" and, therefore, deny such allegations.  Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

Upon information and belief, Corporate Defendants are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

7

**ANSWER:**

Defendants deny the allegations in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

Upon information and belief, at all times relevant to this action, if Corporate Defendants do or did business as The Sea Grill as joint employers concurrently, they are joint employers because they concurrently engage employees to work for The Sea Grill, and share substantially the same management and control over the restaurant.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff means by "all relevant times" and, therefore, deny such allegations.  Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

The Corporations that do business as The Sea Grill are joint employers of Plaintiff and constitute an enterprise as is defined by 29 USC §203( r ) insofar as the three establishments operate under the same NYC Restaurant Inspection certificate and/or insofar as three corporations do business as "The Sea Grill" restaurant concurrently, and thus share the same waiters, kitchen workers, and chefs, pay Plaintiff as shareholders of The Sea Grill, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same owners.

**ANSWER:**

Defendants deny the allegations in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

At all times relevant herein, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff means by "all relevant times" and, therefore, deny such allegations.  Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

8

**COMPLAINT ¶27:**

At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff means by "all relevant times" and, therefore, deny such allegations.  Defendants admit that Plaintiff worked as a sous chef at The Sea Grill from April 2003 until on or about September 15, 2017.  Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

At all relevant times, Defendants knowingly and willfully misclassified Plaintiff and failed to pay him his lawfully earned overtime compensation and spread-of-hour premiums, and failed to provide him proper wage notice at the time of hiring in violation of the NYLL.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff means by "all relevant times" and, therefore, deny such allegations.  Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff means by "all conditions precedent" and, therefore, deny such allegations.  Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

## STATEMENT OF FACTS

**COMPLAINT ¶30:**

Defendants committed the following alleged acts knowingly, intentionally and willfully.

**ANSWER:**

Defendants deny the allegations in Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

Plaintiff worked as a sous chef for the Defendants' restaurant The Sea Grill located at 19 W 49th Street, New York, NY 10020 from April 23, 2003 to present.

**ANSWER:**

Defendants admit that Plaintiff worked as a sous chef at The Sea Grill from April 2003

until on or about September 15, 2017.  Defendants deny the remaining allegations in Paragraph

31 of the Complaint.

**COMPLAINT ¶32:**

Plaintiff would spend a small proportion of his day checking orders and communicating with other kitchen staff regarding which items needed to be cooked. Plaintiff, however, spent his time primarily in cooking and handling other miscellaneous tasks.

**ANSWER:**

Defendants deny the allegations in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

Plaintiff did not have hiring, firing, disciplining or scheduling authority over other employees.

**ANSWER:**

Defendants deny the allegations in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

Plaintiff does not have a culinary degree.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's

allegations in Paragraph 34 of the Complaint, and, therefore, deny such allegations.

**COMPLAINT ¶35:**

Plaintiff's duties as a salaried sous chef did not differ substantially from the duties of non-exempt hourly paid cooks and kitchen employees, which included cooking and preparing food.

**ANSWER:**

Defendants deny the allegations in Paragraph 35 of the Complaint.

**COMPLAINT ¶36:**

Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties, nor did he have the authority to modify or alter recipes in the kitchen.

**ANSWER:**

Defendants deny the allegations in Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

Plaintiff did not manage any part or subdivision of the kitchen, including the Japanese cuisine department.

**ANSWER:**

Defendants deny the allegations in Paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

On a daily basis, upon arrival at the restaurant, Plaintiff would first spend around four hours doing tasks including but not limited to : checking if the refrigerators and ovens are working properly and informing the maintenance department for repair if needed; turning on lights, sorting out inventories and putting them into corresponding sections in the fridges; fetching ingredients from the storage or fridge for chefs to use according to their demand; cutting and portion fish and vegetables and send the fish to chefs in French or Japanese cuisine departments; preparing for large amount of sushi to be served at lunch time.

**ANSWER:**

Defendants deny the allegations in Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

During lunch time of the restaurant, Plaintiff would normally make Japanese cuisine at the kitchen. He would occasionally help expediting orders he received from the wait-staff to chefs.

11

**ANSWER:**

Defendants deny the allegations in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

After lunch time, Plaintiff would help other chefs figure out what and how many ingredients they were in short, and send such information to the storage staff for them to make purchase. Plaintiff would then again fetch ingredients from the storage or fridge for chefs according to their demand, cut fish and vegetables, dispatch the cut fish to chefs in French or Japanese cuisine departments before he left work.

**ANSWER:**

Defendants deny the allegations in Paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

Consistent with Defendants' policy and pattern or practice, Plaintiff regularly worked in excess of 40 hours per workweek without being paid overtime wages.

**ANSWER:**

Defendants admit that at certain times during his employment Plaintiff may have worked in excess of 40 hours per week, and that Plaintiff's position met the criteria for exemption from payment of overtime.  Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

**COMPLAINT ¶42:**

Defendants knew that the nonpayment of overtime pay, spread of hours pay, and failure to provide proper wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal

Defendants deny the allegations in Paragraph 42 of the Complaint.

**COMPLAINT ¶43:**

Throughout his employment with Defendants, Plaintiff was misclassified as exempt and paid a fixed annual salary regardless of the number of hours worked.

**ANSWER:**

Defendants deny the allegations in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

Between September 13, 2011 to September 12, 2017, Plaintiff did not receive any overtime premiums despite working in excess of forty (40) hours per week.

**ANSWER:**

Defendants admit that Plaintiff's position met the criteria for exemption from payment of

overtime, and deny the remaining allegations in Paragraph 44 of the Complaint.

**COMPLAINT ¶45:**

Between September 13, 2011 to September 12, 2017, Plaintiff normally worked from Monday to Friday for five days with Saturdays and Sundays off. However, during summer time[1] and/or the holiday seasons[2], Plaintiff would also work on Saturday and worked six days per week.

**ANSWER:**

Defendants admit that Plaintiff worked a schedule based on business need, and deny the

remaining allegations in Paragraph 45 of the Complaint.

**COMPLAINT ¶46:**

In 2011 and 2012, Plaintiff's daily shift started from 6:30 a.m. and ended at 5:30 p.m., occasionally at 6:30 p.m. per week. He therefore worked at least fifty-five (55) hours during the non-holiday period, and sixty-six (66) hours during the holiday season that lasted from November 11 to around January 1, 2012.

**ANSWER:**

Defendants admit that Plaintiff worked a schedule based on business need, and deny the

remaining allegations in Paragraph 46 of the Complaint.

**COMPLAINT ¶47:**

In 2013, Plaintiff's daily shift started from 7:00 a.m. and ended at 5:30 p.m., occasionally 7:00 p.m. per week. He therefore worked at least fifty-two and thirty minutes (52.5) during the

---

[1] Normally lasts two weeks in June.

[2] The length of the holiday seasons slightly varied from year to year.

non-holiday period, and sixty-three (63) hours during the holiday season that lasted from around November 3 to around January 1, 2013.

**ANSWER:**

Defendants admit that Plaintiff worked a schedule based on business need, and deny the

remaining allegations in Paragraph 47 of the Complaint.

**COMPLAINT ¶48:**

In 2014, Plaintiff's daily shift started from 7:00 a.m. and ended at 5:00 p.m. between January and September 13 with a total of fifty (50) working hours per week; but from 6:30 a.m. to 5:00 p.m. (occasionally 6:00 p.m.) between September 15 and November 8 with a total of fifty-two hours and a half (52.5) working hours per week, and sixty-three (63) hours per week during the holiday season that lasted from November 9 to December 31.

**ANSWER:**

Defendants admit that Plaintiff worked a schedule based on business need, and deny the

remaining allegations in Paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

In 2015, Plaintiff's daily shift started from 7:30 a.m. and ended at 5:30 p.m. with a total of fifty (50) working hours per week during the non-summer/holiday period, and sixty (60) hours per week during the summer time in June and holiday season from November to December.

**ANSWER:**

Defendants admit that Plaintiff worked a schedule based on business need, and deny the

remaining allegations in Paragraph 49 of the Complaint.

**COMPLAINT ¶50:**

In 2016, Plaintiff's daily shift started from 7:00 a.m. and ended at 5:30 p.m. with a total of fifty and a half hours (52.5) working hours per week during the non-summer/holiday period; but from 6:30 a.m. to 5:30 p.m. with a total of sixty-six (66) hours per week during the summer time and the holiday season from November to December.

**ANSWER:**

Defendants admit that Plaintiff worked a schedule based on business need, and deny the

remaining allegations in Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

In 2017, Plaintiff's daily shift started from 7:00 a.m. and ended at 5:00 p.m. with a total of fifty hours (52.5) working hours per week between January and June; but from 7:00 a.m. to 4:30 p.m. with a total of forty-seven and a half (47.5) hours per week between July and September 13, 2017.

**ANSWER:**

Defendants admit that Plaintiff worked a schedule based on business need, and deny the remaining allegations in Paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

Plaintiff was paid an annual salary at $55,664.02 in 2011; a fixed weekly salary at $1,272.84 in 2012; an annual salary at $58,220.07 in 2013; a fixed weekly salary at $1,320.57 in 2014; an annual salary at $62,132.46 in 2015; an annual salary at $63,538.45 in 2016; and a fixed weekly salary at $1,471.89 in 2017.

**ANSWER:**

Defendants admit that Plaintiff was paid on a salary basis, and deny the remaining allegations in Paragraph 52 of the Complaint.

**COMPLAINT ¶53:**

Defendants did not use any tools or methods to keep record of the hours Plaintiff worked, including but not limited to punch card system and sign-in-and-out sheets.

**ANSWER:**

Defendants deny the allegations in Paragraph 53 of the Complaint.

**COMPLAINT ¶54:**

Defendants committed the following alleged acts knowingly, intentionally and willfully.

**ANSWER:**

Defendants deny the allegations in Paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

While employed by Defendants, Plaintiff was not actually exempt under federal and state laws requiring employers to pay employees overtime.

15

**ANSWER:**

Defendants deny the allegations in Paragraph 55 of the Complaint.

**COMPLAINT ¶56:**

Plaintiff's workdays frequently lasted longer than 10 hours.

**ANSWER:**

Defendants deny the allegations in Paragraph 56 of the Complaint.

**COMPLAINT ¶57:**

Defendants did not pay Plaintiff "spread of hours" premium for every day in which she worked over 10 hours.

**ANSWER:**

Defendants admit the allegations in Paragraph 57 of the Complaint.

**COMPLAINT ¶58:**

Defendants did not provide Plaintiff with proper written notices about the terms and conditions of his employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff's and other Class members' pay increase(s).

**ANSWER:**

Defendants deny the allegations in Paragraph 58 of the Complaint.

**COMPLAINT ¶59:**

Plaintiff was never given a correct statement on each wage payment, listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

**ANSWER:**

Defendants deny the allegations in Paragraph 59 of the Complaint.

16

**COMPLAINT ¶60:**

Defendants committed the foregoing acts against the Plaintiff and the FLSA Collective Plaintiffs and the Class.

**ANSWER:**

Defendants deny the allegations in Paragraph 60 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶61:**

Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendants as a sous chef and other similarly situated current and former employee holding comparable positions but different titles, at any time from September 2014 to the entry of judgment in this case (the "Collective Action Period").

**ANSWER:**

Defendants admit that Plaintiff seeks to pursue this action against Defendants on his own

behalf and on behalf of others who are described in the Complaint under the FLSA.  Defendants

deny the remaining allegations in Paragraph 61 of the Complaint.

**COMPLAINT ¶62:**

Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and other sous chefs.

**ANSWER:**

Defendants deny the allegations in Paragraph 62 of the Complaint.

**COMPLAINT ¶63:**

There are many similarly situated current and former sous chef (and other employees holding comparable positions but different titles) who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This, Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §216 (b).

**ANSWER:**

Defendants deny the allegations in Paragraph 63 of the Complaint.

**COMPLAINT ¶64:**

Those similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

**ANSWER:**

Defendants deny the allegations in Paragraph 64 of the Complaint.

**COMPLAINT ¶65:**

Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

**ANSWER:**

Defendants deny the allegations in Paragraph 65 of the Complaint.

**COMPLAINT ¶66:**

Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

**ANSWER:**

Defendants deny the allegations in Paragraph 66 of the Complaint.

**COMPLAINT ¶67:**

Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

**ANSWER:**

Defendants deny the allegations in Paragraph 67 of the Complaint.

18

**COMPLAINT ¶68:**

Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

**ANSWER:**

Defendants deny the allegations in Paragraph 68 of the Complaint.

**COMPLAINT ¶69:**

This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

**ANSWER:**

Defendants deny the allegations in Paragraph 69 of the Complaint.

**COMPLAINT ¶70:**

A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

**ANSWER:**

Defendants deny the allegations in Paragraph 70 of the Complaint.

**COMPLAINT ¶71:**

Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a.      Whether the Defendants employed Collective Action members within the meaning of the FLSA;

19

b.      Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c.      Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d.      Whether the Defendants failed to comply with the notice and record keeping requirements of the FLSA;

e.      Whether the Defendants have a policy of misclassifying sous chefs as exempt from the coverage of the overtime provisions of the FLSA;

f.      Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.      Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

**ANSWER:**

Defendants deny the allegations in Paragraph 71 of the Complaint.

**COMPLAINT ¶72:**

Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's

knowledge in Paragraph 72 of the Complaint, and, therefore, deny such allegations.

**COMPLAINT ¶73:**

Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

**ANSWER:**

Defendants deny the allegations in Paragraph 73 of the Complaint.

41973258v.5

## CLASS ACTION ALLEGATIONS

**COMPLAINT ¶74:**

Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all salaried, exempt employees, at all times in which they worked as "Sous Chefs" or equivalent positions for Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

**ANSWER:**

Defendants admit that Plaintiff purports to bring this action against Defendants as a class

action on behalf of all salaried, exempt employees, at all times in which they worked as "Sous

Chefs" or equivalent positions for Defendants on or after the date that is six years before the

filing of the Complaint in this case.  Defendants deny the remaining allegations in Paragraph 74

of the Complaint.

**COMPLAINT ¶75:**

All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

**ANSWER:**

Defendants admit that Plaintiff purports to bring this action against Defendants as a class

action.  Defendants deny the remaining allegations in Paragraph 75 of the Complaint.

**COMPLAINT ¶76:**

The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

41973258v.5

**ANSWER:**

Defendants deny the allegations in Paragraph 76 of the Complaint.

**COMPLAINT ¶77:**

Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of misclassification and failure to pay overtime compensation. Defendant's corporation wide policies and practices, including but not limited to their failure to provide proper wage notice at the time of hiring, affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

**ANSWER:**

Defendants deny the allegations in Paragraph 77 of the Complaint.

**COMPLAINT ¶78:**

Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiff in both class action and wage and hour employment litigation cases.

**ANSWER:**

Defendants deny the allegations in Paragraph 78 of the Complaint.

**COMPLAINT ¶79:**

A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class

22

would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**ANSWER:**

Defendants deny the allegations in Paragraph 79 of the Complaint.

**COMPLAINT ¶80:**

Upon information and belief, defendant implemented its unlawful wage and hour practice in all of its stores throughout the state in violation of the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**ANSWER:**

Defendants deny the allegations in Paragraph 80 of the Complaint.

**COMPLAINT ¶81:**

There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b.      Whether Defendants failed to properly pay Plaintiff and Class members the New York overtime rate for all hours worked in excess of 40 hours per week;

c.      Whether Defendants maintained a policy, pattern and/or practice of willfully misclassifying Plaintiff and the Class/Collective Action Members as exempt from the requirements of the NYLL;

d.      Whether the Defendants failed to fully comply with the notice and record keeping requirements of NYLL §§198(b) and 198(d);

e.      At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.

**ANSWER:**

Defendants deny the allegations in Paragraph 81 of the Complaint.

## STATEMENT OF CLAIM

## COUNT I

**[Violations of the Fair Labor Standards Act-Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

**COMPLAINT ¶82:**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER:**

Defendants re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

**COMPLAINT ¶83:**

The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

**ANSWER:**

The allegations in Complaint Paragraph No. 83 purport to characterize statutory text,

which speaks for itself. To the extent these allegations mischaracterize or misconstrue the statute,

they are denied.

**COMPLAINT ¶84:**

The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

**ANSWER:**

The allegations in Complaint Paragraph No. 84 purport to characterize statutory text,

which speaks for itself. To the extent these allegations mischaracterize or misconstrue the statute,

they are denied.

**COMPLAINT ¶85:**

Defendants' failure to pay Plaintiff and the FLSA Collective Action Members their
overtime pay violated the FLSA.

**ANSWER:**

Defendants deny the allegations in Paragraph 85 of the Complaint.

**COMPLAINT ¶86:**

At all relevant times, Defendants had, and continue to have, a policy of practice of
refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and
Collective Action Members for all hours worked in excess of forty (40) hours per workweek,
which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C.
§§207(a)(1) and 215(a).

**ANSWER:**

Defendants deny the allegations in Paragraph 86 of the Complaint.

**COMPLAINT ¶87:**

The FLSA and supporting regulations required employers to notify employees of
employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

**ANSWER:**

The allegations in Complaint Paragraph No. 87 purport to characterize statutory text,

which speaks for itself. To the extent these allegations mischaracterize or misconstrue the statute,

they are denied.

**COMPLAINT ¶88:**

Defendants willfully failed to notify Plaintiff and FLSA Collective Action Members of
the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and
FLSA Collectives' labor.

41973258v.5

**ANSWER:**

Defendants deny the allegations in Paragraph 88 of the Complaint.

**COMPLAINT ¶89:**

Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Action Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**ANSWER:**

Defendants deny the allegations in Paragraph 89 of the Complaint.

## COUNT II

### [Violation of New York Labor Law-Overtime Pay]

**COMPLAINT ¶90:**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER:**

Defendants re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

**COMPLAINT ¶91:**

Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

**ANSWER:**

The allegations in Complaint Paragraph No. 91 purport to characterize statutory text,

which speaks for itself. To the extent these allegations mischaracterize or misconstrue the statute,

they are denied.

41973258v.5

**COMPLAINT ¶92:**

Defendants' failure to pay Plaintiff Defendant's failure to properly pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

**ANSWER:**

Defendants deny the allegations in Paragraph 92 of the Complaint.

**COMPLAINT ¶93:**

Defendants' failure to pay Plaintiff was not in good faith.

**ANSWER:**

Defendants deny the allegations in Paragraph 93 of the Complaint.

## COUNT III

### [Violation of New York Labor Law-Spread of Time Pay]

**COMPLAINT ¶94:**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER:**

Defendants re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

**COMPLAINT ¶95:**

The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

**ANSWER:**

The allegations in Complaint Paragraph No. 95 purport to characterize statutory text,

which speaks for itself. To the extent these allegations mischaracterize or misconstrue the statute,

they are denied.

27

**COMPLAINT ¶96:**

Defendants' failure to pay Plaintiff and the Rule 23 Class their spread-of-hours pay was not in good faith.

**ANSWER:**

Defendants deny the allegations in Paragraph 96 of the Complaint.

**COMPLAINT ¶97:**

Defendants' failure to pay Plaintiff and the Rule 23 Class their spread-of-hours pay violated the NYLL.

**ANSWER:**

Defendants deny the allegations in Paragraph 97 of the Complaint.

**COUNT IV**

**[Violation of New York Labor LawYTime of Hire Wage Notice Requirement]**

**COMPLAINT ¶98:**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER:**

Defendants re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

**COMPLAINT ¶99:**

The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

28

**ANSWER:**

The allegations in Complaint Paragraph No. 99 purport to characterize statutory text, which speaks for itself. To the extent these allegations mischaracterize or misconstrue the statute, they are denied.

**COMPLAINT ¶100:**

Defendants intentionally failed to provide conforming notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or his first day of employment.

**ANSWER:**

Defendants deny the allegations in Paragraph 100 of the Complaint.

**COMPLAINT ¶101:**

Defendants provided deficient notice to each class member at Time of Hire, and failed to provide conforming notice to Plaintiff even after the fact.

**ANSWER:**

Defendants deny the allegations in Paragraph 101 of the Complaint.

**COMPLAINT ¶102:**

Due to Defendants' violations of New York Labor Law, Plaintiff and the class members are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**ANSWER:**

Defendants deny the allegations in Paragraph 102 of the Complaint.

## COUNT V

### [Violation of New York Labor Law - New York Pay Stub Requirement]

**COMPLAINT ¶103:**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

41973258v.5

**ANSWER:**

Defendants re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

**COMPLAINT ¶104:**

The NYLL and supporting regulations require employers to provide detailed paystub
information to employees every payday. NYLL §195-1(d).

**ANSWER:**

The allegations in Complaint Paragraph No. 104 purport to characterize statutory text,

which speaks for itself. To the extent these allegations mischaracterize or misconstrue the statute,

they are denied.

**COMPLAINT ¶105:**

Defendants have failed to make a good faith effort to comply with the New York Labor
Law with respect to compensation of Plaintiff and class members, and provided a deficient and
confusing paystub on or after each of Plaintiff's payday.

**ANSWER:**

Defendants deny the allegations in Paragraph 105 of the Complaint.

**COMPLAINT ¶106:**

Due to Defendants' violations of New York Labor Law, Plaintiff and class members are
entitled to recover from Defendants, jointly and severally, $250 for each workday of the
violation, up to $5,000 for Plaintiff and each class member together with costs and attorneys'
fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**ANSWER:**

Defendants deny the allegations in Paragraph 106 of the Complaint.

## DEFENDANTS' ADDITIONAL DEFENSES

Defendants asserts the following additional defenses without assuming any burden of

production or proof that they would not otherwise have.

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims and those of any putative class and/or collective members are barred, in whole or in part, by the doctrine of unclean hands.

**THIRD DEFENSE**

Plaintiff's claims and those of any putative class and/or collective members are barred, in whole or in part, by the doctrine of equitable estoppel, to the extent Plaintiff or any collective or class members violated Defendants' policies by under-reporting and/or failing to report accurately their time worked.

**FOURTH DEFENSE**

Plaintiff's FLSA claims and those of any putative class and/or collective members are barred, in whole or in part, by the applicable statute of limitations.

**FIFTH DEFENSE**

Plaintiff and any putative class and/or collective members have received full payment for all work performed thereby barring their FLSA claims; alternatively, Defendants are entitled to an off-set of any amount of relief claimed by Plaintiff and the putative collective members for any payments or overpayments of wages, commissions, or other remuneration previously paid to them.

**SIXTH DEFENSE**

Defendants' alleged acts or omissions were not willful within the meaning of the FLSA with respect to Plaintiff and any putative class and/or collective member.

41973258v.5

## SEVENTH DEFENSE

Plaintiff's claims and those of any putative collective members are barred by the doctrine of res judicata and/or collateral estoppel to the extent that Plaintiff or any putative collective member or beneficiary of this action has asserted in any prior legal or administrative proceeding that he or she was entitled to any additional payment to which Plaintiff claims that she, or members of the putative collective, are entitled.

## EIGHTH DEFENSE

The claims of Plaintiff and the putative class and/or collective members are barred to the extent that there is/are currently other action(s) pending on the same claims.

## NINTH DEFENSE

Defendants state, in the alternative if necessary, that if, in fact, they failed to pay any non-exempt employee for work in excess of 40 hours in a work week, the uncompensated time is *de minimis*.

## TENTH DEFENSE

Defendants state, in the alternative if necessary, that even if they in fact failed to pay individuals for any of the activities alleged in Plaintiff's Complaint, such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiff's or any putative class and/or collective members' principal activities of employment but instead represent preliminary or postliminary time under the Portal-to-Portal Act, 29 U.S.C. 254(a), and therefore, are not compensable.

## ELEVENTH DEFENSE

The Complaint is barred in whole or in part to the extent that Plaintiff and/or the putative class or collective members were and are exempt from the overtime and recordkeeping

provisions of the FLSA as executive/management employees under 29 U.S.C. § 213(a) and related regulations.

## TWELFTH DEFENSE

Such a representative action would violate the 5th and 14th due process rights of Defendants' and/or their 7th amendment jury trial rights.

## THIRTEENTH DEFENSE

To the extent that Plaintiff purports to assert a collective and/or class action, certain members  of the putative collective and/or class are barred, in whole or in part, from becoming a member of any purported class or collective because of their agreement with Defendants to resolve through individual arbitration all disputes arising out of their employment with Defendants.

## FOURTEENTH DEFENSE

Plaintiff's claims and those of any putative class and/or collective members are barred, in whole or in part, by the doctrine of judicial estoppel, to the extent Plaintiff or any collective or class members have taken a contrary position in any other legal proceeding.

## ADDITIONAL DEFENSES

Defendants are continuing to investigate Plaintiff's allegations.  Therefore, Defendants reserve the right to amend their Answer and Defenses.

WHEREFORE, Defendants PATINA RESTAURANT GROUP, LLC, RAROC, LLC, AND DELAWARE NORTH COMPANIES, INCORPORATED respectfully request that, after due proceedings, the Court enter judgment in its favor dismissing Plaintiff's claims with prejudice and awarding Defendants the costs of this proceeding, including its reasonable attorneys' fees, and any other relief this Court deems appropriate.

41973258v.5

Dated: New York, New York
       November 10, 2017

SEYFARTH SHAW LLP


By: *s/ Robert T. Szyba*
       Robert T. Szyba
       rszyba@seyfarth.com
       620 Eighth Avenue
       New York, New York  10018
       Telephone:  (212) 218-5500
       Facsimile:  (212) 218-5526

*Attorneys for Defendants*
*Patina Restaurant Group, LLC, RAROC, LLC,*
*& Delaware North Companies, Incorporated*

41973258v.5

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2017, I electronically filed the foregoing Answer

with the Clerk of the Court using the CM/ECF system which sent notification of such filing to

the following:

Jian Hang, Esq.
Hang & Associates, PLLC
136-18 39th Ave., Suite 1003
Flushing, NY 11354
(718) 353-8588
jhang@hanglaw.com


*/s/ Robert T. Szyba*
Robert T. Szyba