USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 06/08/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                     :

HAI LONG LI, Individually And On Behalf Of All Other :
Employees Similarly Situated,
                                                   :

                              Plaintiff,       :   Case No. 17-cv-07058

   v.                                           :

PATINA RESTAURANT GROUP, LLC,
d/b/a THE SEA GRILL, RAROC, LLC and
DELAWARE NORTH COMPANIES, INC.,

                            Defendants.   :
------------------------------------------------------------------ x

## JOINT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Plaintiff Hai Long Li ("Plaintiff"), and Defendants Patina Restaurant Group, LLC, d/b/a

The Sea Grill, RAROC, LLC and Delaware North Companies, Incorporated ( the " Defendants"

collectively)  having consented to entry of this Joint Confidentiality Stipulation and Protective

Order ("Protective Order"), as evidenced by the signatures of their counsel hereon, and for good

cause shown, pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED THAT:

    **1.**    **Introduction and Scope.**

This Protective Order shall govern any record of information designated

**CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** and produced in this action by any party or

non-party, including without limitation: all designated deposition testimony; all designated

testimony taken at a hearing or other proceeding; interrogatory answers; documents and other

discovery materials, whether produced informally or in response to interrogatories; requests for

admissions; requests for production of documents; subpoenas; or other formal method of

discovery. This Protective Order shall also govern any designated record of information produced

in this action pursuant to required disclosures under an Order of the Court, and any supplementary disclosures thereto, including but not limited to disclosures by non-parties pursuant to a subpoena or other means.

2.      **Designation.**

Any party shall have the right to designate as **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** and subject to this Protective Order any information, document or portion of any document produced by it in the course of this litigation which contains trade secrets or other sensitive, confidential, or proprietary technical, business, personnel, financial, or research or development information. Information designated as confidential may be designated as such by a party in writing, or orally if recorded as part of a deposition or court proceeding, and information which is derived therefrom. This designation shall be made by stamping each page of the document containing confidential information (or, if the document is an electronic document, by stamping each printed page of such document, stamping the file name of such document and/or the media upon which the electronic document is recorded) with the legend **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** prior to its production. If the document is inadvertently produced without such legend, such inadvertent disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed, within a reasonable time after disclosure, that the material should have been designated **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** under this Protective Order.  With respect to all materials provided for inspection by a party's counsel, designation by stamping or labeling as **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** need not be made until copies of the materials are requested after inspection and selection by counsel.  Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be

2

treated as though designated as **ATTORNEYS' EYES ONLY** at the time of the inspection.

Additionally, all sections of this Protective Order concerning documents or information designated **CONFIDENTIAL** shall equally apply to all documents or information designated **ATTORNEYS' EYES ONLY** (such that the phrase **ATTORNEYS' EYES ONLY** could be substituted for the term **CONFIDENTIAL**), with the exception that, with respect to Sections 5 and 6 of this Protective Order, documents or information designated as **ATTORNEYS' EYES ONLY** shall only be disclosed by the recipient thereof, on a need-to-know basis, to (1) the attorneys for the respective parties, (2) expert witnesses retained by either party (who are not employees of the parties and who first agree to be bound by this Protective Order by executing a Confidentiality Undertaking in the form of Exhibit A attached hereto), and (3) the Court, Court personnel and court reporters. No documents or information designated as **ATTORNEYS' EYES ONLY** shall be disclosed to any person other than the foregoing persons except by stipulation of the parties or by further Order of the Court.

The parties to this action and attorneys of record for the respective parties hereby agree to be bound by the terms of this Protective Order.

3.    **Objections to Designation.**

A party may object to the designation of information or material as **CONFIDENTIAL** by providing written notice to the producing party. Such written notice shall identify the information or material involved and contain a short statement of the reasons for objection to the designation. Counsel for the producing party or third party shall respond in writing to such objection within 14 days, and shall state the grounds for asserting that the document or information is **CONFIDENTIAL**. If the producing party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to

resolve the dispute. If the dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by letter-motion filed via ECF, in accordance with Local Civil Rules 37.2, before filing a formal motion for an order regarding the challenged designation, or other procedure as required by the assigned District and/or Magistrate Judge. The disputed material shall remain **CONFIDENTIAL** and subject to the terms of this Protective Order until the Court has ruled on such motion.

    **4.**    **Limit On Use And Disclosure Of Designated Information.**

Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only for the purpose of prosecution or defense of this action.  No party or other person shall disclose or release to any person not qualified under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person qualified under this Protective Order for any purpose other than the prosecution or defense of this action, except as set forth in Section 12, and except as otherwise Ordered by the Court.

    **5.**    **Confidential Material.**

Only the following persons shall be authorized to receive information designated **CONFIDENTIAL** under this Order:

    a.    Internal and outside counsel of record for the parties and supporting personnel employed by such counsel, such as independent legal translators retained to translate in connection with this action or independent shorthand reporters retained to record and transcribe testimony in connection with this action;

4

b.     Internal counsel for Defendants and their supporting personnel, such as paralegals, legal translators, legal secretaries, data entry clerks, legal clerks and shorthand reporters;

c.     Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

d.     Any deponent may be shown or examined on any information, document, or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure;

e.     Any "technical advisor," meaning any independent experts, consultants and advisors employed or retained by counsel for the parties solely for the purpose of this litigation, including but not limited to proposed expert witnesses, with whom counsel deems it necessary to consult concerning investigative, technical, financial or other aspects of this case, provided that such technical advisor has executed a Confidentiality Undertaking attached hereto as Exhibit A in accordance with Paragraph 6 below, and supporting personnel employed by such technical advisors, such as secretaries, data entry clerks, and assistants;

f.     The parties to this action, including the parties' employees, all opt-in plaintiffs, and in the event this action is certified as a class action, Rule 23 class members.  In the case of parties that are corporations or other business entities, "party" shall mean employees who are required to participate in decisions with reference to this lawsuit or assisting or guiding a party in the litigation;

5

g.      The Court, Court reporters, and Court personnel; and

h.      Any person agreed to in writing by the parties or ordered by the Court.

**6.      Agreement of Confidentiality.**

Except as set forth in Section 12, in no event shall any material designated as **CONFIDENTIAL** be disclosed to any person, other than the persons identified in Section 5 above, unless and until such person has executed a written Confidentiality Undertaking in the form set forth in Exhibit A hereto acknowledging and agreeing to be bound by the terms of this Protective Order, or the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court.  Copies of such executed Confidentiality Undertakings shall be promptly served on the producing party. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

**7.      Related Documents.**

Documents and information designated as **CONFIDENTIAL** shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with Paragraph 8 below; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 9 below.

8.    **Designation of Deposition Transcripts.**

Deposition testimony may be designated as **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** by any party either (a) at any time during the deposition at which such testimony is given by orally stating such on the record, or (b) within thirty (30) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record.  Any deposition testimony designated as **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** shall be marked as such on the transcript by the stenographer.  All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, **CONFIDENTIAL** for a period of thirty (30) days after receipt of the transcript, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or authorized in accordance with paragraphs 5 and 6 herein to review documents or materials designated **CONFIDENTIAL** on behalf of that non-designating party.

9.    **Designation of Hearing Testimony or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of **CONFIDENTIAL** information, counsel may request that the Court take appropriate measures to maintain the confidentiality of such information.

10.    **Filing of Confidential Information.**

If a party desires or is required to file with the Court any document or thing containing or embodying **CONFIDENTIAL** information, such party shall file a written motion to seal in accordance with the requirements of local rule and/or the District Judge's rule of practice.  Unless the confidentiality designation has been removed by order of the Court or by agreement of counsel for the parties, counsel for the nonmoving party shall stipulate to such motion to seal.

7

Any motion to seal filed pursuant to this paragraph shall contain a statement explaining the reasons for seeking to file that submission under seal and shall attach to the letter one full set of the relevant document(s) in highlighted form.

**11.   Disclosure to Author or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document designated as **CONFIDENTIAL** to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document; and regardless of such designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

**12.   Required Disclosure.**   In the event that any party that receives information designated **CONFIDENTIAL** is required to disclose such information pursuant to any law, rule, regulation, subpoena or any other administrative or legal process issued by any federal, state or local court, regulatory agency or legislative body, the party agrees to provide the producing party written notice of the required disclosure at least ten (10) business days prior to disclosing such information, so that the producing party may seek a protective order or other appropriate remedy (unless such prior notice is prohibited by law or regulation).  In the event that such protective order or other remedy is not obtained, or the producing party waives compliance with the provisions of this Protective Order, the party required to disclose information designated **CONFIDENTIAL** shall furnish only that portion of the information which, upon the advice of its counsel, is legally required and will exercise reasonable efforts to obtain assurances that confidential treatment will

8

be accorded information designated **CONFIDENTIAL**. Unless otherwise agreed to in writing, the producing party shall bear all costs related to seeking a protective order or other remedy concerning the required disclosure of information designated **CONFIDENTIAL**.

13.   **Other Protections.**

This Protective Order shall not preclude any party, including a non-party producing documents pursuant to a subpoena, from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate.

The designation of **CONFIDENTIAL** pursuant to this Protective Order shall not be construed as an admission by a producing party that such information is relevant or material to any issue or is otherwise admissible as evidence. The receipt of such information designated **CONFIDENTIAL** by a party shall not be construed as an admission that such information is, in fact, a trade secret or otherwise constitutes sensitive, confidential or proprietary technical, business, personnel, financial or research or development information.

In the event that a producing party discovers that information or documents have been inadvertently disclosed which are subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege, the producing party shall notify the receiving party, and the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

14.     **Prior or Public Knowledge.**

This Protective Order shall not apply to information that was, is, or becomes public knowledge not in violation of this Protective Order, or that is legitimately and independently acquired from a source not subject to this Protective Order.

15.     **Non-Party Material.**

The terms of this Protective Order are applicable to **CONFIDENTIAL** information submitted by a non-party, and such information produced by a non-party in connection with this litigation shall be protected by the remedies and relief provided by this Protective Order.

16.     **Return Of Designated Information.**

Upon final termination of this action, including any and all appeals, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all material designated as **CONFIDENTIAL**, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that any documents or copies which contain or constitute, or which reflect, attorney's work product or attorney-client privileged communications may be retained by counsel or destroyed rather than returned. Additionally, counsel for the parties may retain for their files correspondence, notes, pleadings, briefs and exhibits, deposition transcripts and exhibits, and work product materials that contain material designated as **CONFIDENTIAL**. Counsel shall continue to be subject to the terms of this Protective Order with regard to any such retained **CONFIDENTIAL** material.

17.     **Amendment.**

This Order may be amended by the written agreement of counsel for the parties in the form of a stipulation subject to approval by the Court. Nothing in this Order shall prevent any party from seeking modifications of this Order by the Court or from compelling or objecting to discovery

that it believes to be otherwise improper for any reason cognizable under the Federal Rules of Civil

Procedure or Evidence.

Respectfully submitted,

PLAINTIFF,                                          DEFENDANTS

By his attorneys,                                  By their attorneys,

_____                    _____
Jian Hang                                          Robert T. Szyba
Keli Liu                                           SEYFARTH SHAW LLP
Hang & Associates, PLLC                            620 Eighth Avenue
136-18 39th Avenue, Suite 1003                     New York, New York 10018
Flushing, New York 11354                           Telephone: (212) 218-5500
(718) 353-8588                                     Facsimile: (212) 218-5526
                                                   rszyba@seyfarth.com


SO ORDERED THIS  8th  DAY OF _____June_____, 2018.

BY THE COURT:
                        _____
                        Hon. Edgardo Ramos, U.S. District Judge

11

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ x
                                                                    :
HAI LONG LI, Individually And On Behalf Of All Other                :   Civil Action No. 17-cv-07058
Employees Similarly Situated,                                       :
                                                                    :
                           Plaintiff,                               :
                                                                    :
        v.                                                          :
                                                                    :
PATINA RESTAURANT GROUP, LLC,                                       :
d/b/a THE SEA GRILL, RAROC, LLC and DELAWARE                        :
NORTH COMPANIES, INC.,                                              :
                                                                    :
                           Defendants.                              :
------------------------------------------------------------------ x
```

**JOINT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**
**CONFIDENTIALITY UNDERTAKING**

I certify that I have read the Joint Confidentiality Stipulation and Protective Order ("Protective Order") in the above-captioned case and that I understand the terms of the Protective Order. I recognize that I am bound by the terms of the Protective Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States Court for the Southern District of New York for any proceeding involving enforcement of the Protective Order.

EXECUTED this ____ of _____, 20___.

_____
Name

_____
Affiliation

_____

_____
Business Address