UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAI LONG LI, *individually and on behalf of all others similarly situated*,

                Plaintiff,

– against –

PATINA RESTAURANT GROUP, LLC, d/b/a THE SEA GRILL, DELAWARE NORTH COMPANIES, INC., and RAROC, LLC,

                Defendants.

**OPINION AND ORDER**

17 Civ. 07058 (ER)

Ramos, D.J.:

Hai Long Li brought the above-captioned action against Patina Restaurant Group, LLC, d/b/a The Sea Grill, Delaware North Companies, Inc., and Raroc, LLC, (collectively, "Defendants"), for overtime compensation, spread-of-hours premiums, and failure to provide wage notices and statements under the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA"). Doc. 1. On December 6, 2018, the parties submitted an application for the Court to approve the Settlement and Release Agreement between Plaintiff and the Defendants ("Agreement"), and to dismiss this action with prejudice. Doc. 23.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to

which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

Furthermore, "In FLSA cases, courts in this District routinely reject release provisions that waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Rivera v. SA Midtown LLC*, No. 16 Civ. 2097 (PAE), 2017 WL 1378264, at *1 (S.D.N.Y. Apr. 11, 2017) (internal quotation marks omitted). In *Rivera*, the District Court refused to approve a settlement that released all claims brought under the Employee Retirement Income Safety Act of 1974 ("ERISA"), the Civil Rights Acts of 1964, and other claims unrelated to the wage-and-hour claims at issue there. *Id.* The

Here, the release provision is similarly overbroad. In it, Plaintiff releases a wide range of claims, including all claims arising under:

> Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Equal Pay Act, the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, the Family and Medical Leave Act, 42 U.S.C. § 1981, the Employee Retirement Income Security Act, the New York State Human Rights Law, the New York City Human Rights Law, and any other Federal, State, or municipal statute, order, regulation, or ordinance . . . .

Doc. 23-1. The release also applies to "all claims arising under common law . . . on account of, or any inquiry related to or in any way growing out of his employment or separation of employment by Defendant." Doc. 23-1. As was the case in *Rivera*, where the court did not

2

approve a settlement agreement that released nearly all employment-related claims, "[s]uch a release is too sweeping to be fair and reasonable and so must be rejected." *Rivera*, 2017 WL 1378264, at *1 (internal quotation marks omitted).

Accordingly, the Court will not approve the Agreement unless the Parties' limit the release to those related to the FLSA and NYLL claims at issue here. The parties may proceed in one of the following ways:

1. File a revised agreement to the Court with a more limited release, on or before **January 12, 2019**.

2. File a joint letter on or before **January 12, 2019**, that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference; or

3. Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law, *see Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.

Dated:   December 10, 2018
         New York, New York

_____
Edgardo Ramos, U.S.D.J.

3